**DISMISS; and Opinion Filed October 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01153-CV

## PHOENIX ENERGY, INC. AND JOSEPH J. RING, III, Appellants

### V.

## BREITLING ROYALTIES CORPORATION, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-11432**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Brown
Opinion by Justice Lang-Miers

Pursuant to Texas Civil Practice and Remedies Code section 51.014(d), Phoenix Energy, Inc. and Joseph J. Ring, III ("Phoenix") have filed a petition for permissive interlocutory appeal and motion to stay trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2014); *see also* TEX. R. APP. P. 28.3. Phoenix seeks review of the trial court's order denying its plea to the jurisdiction. In its plea, Phoenix asserted the suit Breitling Royalties Corporation brought against it requires the adjudication of title to out-of-state realty, a matter over which Texas courts lack jurisdiction. Phoenix maintains the jurisdictional issue is a question of law as to which a substantial ground for difference of opinion exists, and thus this interlocutory appeal should be allowed. We disagree, deny the petition and motion to stay, and dismiss the appeal.

## BACKGROUND

Breitling, a Texas corporation, contends it agreed to purchase Phoenix's five percent "carried working interest" in a well in McKenzie County, North Dakota. Breitling argues that it purchased the interest for $500,000 and learned when it presented the transfer documents to the operating company that Phoenix did not own a carried working interest, but owned only an overriding royalty interest. Breitling sued Phoenix for breach of contract, fraudulent inducement, fraud by nondisclosure, statutory fraud, and negligent misrepresentation and sought as relief rescission of the contract, $500,000 in restitution, and exemplary damages.

In their plea to the jurisdiction, Phoenix argued that Breitling's claims require an adjudication of (1) the type of North Dakota property interest Phoenix owned; (2) the type of North Dakota property interest contemplated by Phoenix and Breitling's contract; and (3) the meaning of the North Dakota property assignment from Phoenix to Breitling. Breitling replied that it was not seeking adjudication of title to real property outside Texas, but was challenging only Phoenix's conduct.

## APPLICABLE LAW

We may accept an interlocutory appeal pursuant to section 51.014(d) of the civil practice and remedies code if (1) the order being appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d),(f).

It is well-settled that Texas courts lack subject matter jurisdiction over real property, including oil and gas interests, located outside the state and cannot adjudicate title to such property. *See In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 897 (Tex. App.—El Paso 2012, orig. proceeding); *Trutec Oil & Gas, Inc. v. W. Atlas Int'l, Inc.*, 194 S.W.3d 580, 583 (Tex. App.—

–2–

Houston [14th Dist.] 2006, no pet.). However, it is also well-settled that Texas courts have jurisdiction over suits relating to out-of-state realty if the nature of the suit and the remedy sought directly affect and operate upon the defendant and not upon the property. *See Elamex*, 367 S.W.3d at 897. The determining issue is whether the nature of the suit involves a naked question of title. *Id.* at 898. Stated another way, the determining issue is whether title to the property is involved as the basis and the measure of right of any recovery. *Id.* If it is, the suit is *in rem*. *Id.* If the crux of the action does not hinge on the resolution of issues specific to the land, but hinges instead on the conduct of the defendant, then the suit is deemed "transitory" or *in personam*, and Texas courts have jurisdiction over the suit. *Danish Leasegroup, Inc. v. York Oil & Gas Mgmt., Inc.*, 362 S.W.3d 220, 223 (Tex. App.—Dallas 2012, no pet.); *Elamex*, 367 S.W.3d at 898.

## APPLICATION OF LAW TO FACTS

Phoenix argues in support of its petition for permissive appeal that courts differ on whether any given case requires title adjudication. It cites to cases that have held that a plaintiff's claims, though related to out-of-state title, do not involve title adjudication, *e.g.*, *McDowell v. McDowell*, 143 S.W.3d 124, 127 (Tex. App.—San Antonio 2004, pet. denied) , as well as to cases that have found that a plaintiff's claims involve title adjudication, *e.g.*, *Danish Leasegroup*, 362 S.W.3d at 225-26. Breitling responds that the difference in these cases stems from the facts of each case. We agree. *Compare McDowell*, 143 S.W.3d at 127 (concluding suit concerning interest of alleged partner in partnership owning Florida property was one *in personam* and not one for the recovery of land) and *Danish Leasegroup*, 362 S.W.3d at 225-26 (concluding breach of contract and fraud suit was *in rem* because claims were tied to "working interest" never received and failure to transfer title to working interest). As stated above, the law regarding adjudication of title to foreign realty is well-settled. *See Elamex*, 367 S.W.3d at

897.  Because the order being appealed does not involve a controlling question of law as to which there is a substantial ground for difference of opinion, we deny the petition and motion to stay and dismiss the appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(1); TEX. R. APP. P. 42.3(a).

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

141153F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHOENIX ENERGY, INC. AND JOSEPH
J. RING, III, Appellants

No. 05-14-01153-CV          V.

BREITLING ROYALTIES
CORPORATION, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-11432.
Opinion delivered by Justice Lang-Miers.
Chief Justice Wright and Justice Brown
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Breitling Royalties Corporation recover its costs, if any, of this appeal from appellants Phoenix Energy, Inc. and Joseph J. Ring, III.

Judgment entered this 17th day of October, 2014.